Eric LUTZ, Plaintiff—Appellant,

v.

**FIRST FINANCIAL INSURANCE CO., INC., Defendant—Appellee.**

No. 06–35804.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 8, 2007.

Filed Sept. 7, 2007.

Tim Cook, Esq., Cook and Associates, Anchorage, AK, Paul H. Bratton, Jr., Esq., Talkeetna, AK, for Plaintiff–Appellant.

Andrew Guidi, Delaney, Wiles, Hayes, Anchorage, AK, Jon Kevin Adams, Esq., Morison–Knox, Holden, Melendez & Stokes, Michael D. Prough, Morison–Knox Holden Melendez & Prough, LLP, Walnut Creek, CA, for Defendant–Appellee.

Before: WALLACE, NOONAN, and PAEZ, Circuit Judges.

---

MEMORANDUM *

Plaintiff Eric Lutz, assignee of Dean Bruington, who purchased a general commercial liability insurance policy from Defendant First Financial Insurance Company ("FFIC"), sued FFIC in Alaska Superior Court alleging that it breached its duties to defend and indemnify Bruington, as well as its duty of good faith and fair dealing. FFIC removed the action to federal court based on diversity of citizenship, and the district court granted summary judgment to FFIC. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand to the district court for further proceedings.

Under Alaska law, which governs this diversity action, *see Erie Railroad v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), "[a]n insurer's duty to defend and its obligation to indemnify are separate and distinct contractual elements." *Sauer v. Home Indem. Co.,* 841 P.2d 176, 180 (Alaska 1992). One "aspect of the insurer's broader duty to defend its insured" is its obligation to provide "prompt and *adequate* notice" of its intention to deny liability. *Lloyd's & Institute of London Underwriting Cos. v. Fulton,* 2 P.3d 1199, 1204–05 (Alaska 2000) (emphasis added). This notice must "not only be prompt, but it must 'provide a *reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim.*'" *Id.* at 1204 (quoting *Sauer,* 841 P.2d at 182) (emphasis added). Further, not only is adequate notice part and parcel of the insurer's duty of defend its insured, but it is also an "independently enforceable" duty in its own right. *Id.* at 1204–05.

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Cir. R. 36–3.

We hold that FFIC breached its duty to Bruington because the denial notice, although prompt, was not adequate. The denial letter made no reference to any specific law or facts relating to Lutz's dispute with Bruington, and the policy provisions it did reference did not include the assertion that the damage to Lutz's home occurred outside the coverage period—the defense upon which FFIC now primarily relies. The only specific legal explanation provided in the denial letter, as FFIC acknowledges, constitutes a material misstatement of Alaska law.

In Alaska, an insurer who fails to provide a denial notice that accords with state law may be equitably estopped from raising coverage defenses even in cases where the insurer may ultimately have had no duty to indemnify. *Fulton,* 2 P.3d at 1206–07. The elements of equitable estoppel are "the assertion of a position by conduct or word, reasonable reliance thereon by another party, and resulting prejudice." *Jamison v. Consol. Util., Inc.,* 576 P.2d 97, 102 (Alaska 1978). Only the third factor is at issue. To demonstrate prejudice in this context an insured must make only a slight showing; Lutz must demonstrate only *"some* actual harm . . ., not that [FFIC's breach] changed the outcome of the case." *Fulton,* 2 P.3d at 1207–08. Especially in cases involving potential insurer bad faith, the Alaska Supreme Court has emphasized that "any adverse effect" will suffice to prove prejudice because, in an effort to deter "overreaching conduct" by insurers, "a bright-line, easily established test of prejudice" best "promotes efficiency and fairness." *Id.* at 1208.

We hold that the district court incorrectly concluded that Lutz could not demonstrate prejudice as a matter of law. The court's reasoning was based on its determination that FFIC's denial letter satisfied Alaska's requirements. Because we conclude that FFIC did breach its duty to provide an adequate notice of denial, the district court erred in basing its prejudice analysis on its erroneous assessment of the denial letter.

Accordingly, we remand to the district court to address the prejudice issue in light of our disposition, and, if necessary, to hold a trial on this issue. Should Lutz prevail, FFIC will be equitably estopped from denying coverage regardless of whether it would ultimately have been liable for the Lutz claim had it fulfilled its duties to Bruington. "[A]n insurance company which wrongfully refuses to defend [a duty, which, as explained, includes the obligation to provide an adequate denial of coverage,] is liable for the judgment which ensues even though the facts may ultimately demonstrate that no indemnity is due." *Sauer,* 841 P.2d at 184.

**REVERSED** and **REMANDED** for **further proceedings consistent with this disposition.**

WALLACE, Circuit Judge, dissenting:

I would affirm the district court's summary judgment in favor of FFIC. Because FFIC sent prompt and adequate notice of denial, Lutz's estoppel argument fails.

While it may be true that the FFIC notice letter was somewhat confusing and perhaps in part misleading, Alaska courts have not found denial notices legally insufficient for those reasons alone. The purpose of the notice of denial is to "give the insured a reasonable time to protect himself" and to "avoid prejudice to the insured which may result from delays in the insured undertaking its own defense or from delays in gathering evidence essential to successfully challenge the denial of coverage or a defense." *Sauer v. Home Indem. Co.,* 841 P.2d 176, 182 (Alaska 1992); *see*

also *Jones v. Horace Mann Ins. Co.*, 937 P.2d 1360, 1365 (Alaska 1997).

FFIC's notice of denial served these purposes. Bruington was timely notified of FFIC's intent to deny coverage and a defense. Bruington was free to investigate the claim or request additional information from the insurance company. The notice did nothing to stop him from promptly undertaking his own defense and gathering the necessary evidence to challenge the denial of his coverage. Because the denial notice was adequate, FFIC is not estopped from raising coverage defenses and summary judgment in its favor was appropriate.